In the Matter of the Estate of EARL H. WILLIAMS, Deceased.

Surrogate's Court, Erie County, June 2, 1938.

*John Marshall Gorman,* for Verbena Williams, as administratrix, etc., and widow of decedent, petitioner.

*Babcock, Hollister, Brown & Newbury,* for the Manufacturers and Traders Trust Company, creditor.

*Walter M. Gibbs,* special guardian for infants.

HART, S. Earl H. Williams died in the city of Buffalo, Erie county, N. Y., on the 27th day of August, 1937, intestate, and letters of administration on his estate were issued to Verbena Williams by this court on the 3d day of November, 1937. The decedent left him surviving his widow, Verbena Williams, and the following children, his sole distributees, viz., E. Harrison Williams, Barbara Ann Williams and Joan Marie Williams.

At the time of the death of said decedent there was in force on his life an insurance policy in the Prudential Insurance Company of America, issued October 11, 1917, and which at the time of its issuance was made payable to Verbena Williams, wife of the insured. By an instrument in writing, duly registered, the beneficiary was changed February 27, 1922, to the executors, administrators or assigns of the insured, and on the 17th day of November, 1922, was again duly changed to Verbena Williams, wife of the insured, in whose name the policy stood at the date of decedent's death.

On August 21, 1921, the decedent made an application for disability benefits, having become totally disabled, and such benefits were allowed but no installments under such disability provisions were ever actually paid to the decedent in his lifetime. After the allowance of the disability claim the insurance company waived payment of premiums, and no further premiums were paid or collected. At the death of decedent there was paid to the administratrix as the proceeds of said policy the sum of $3,506.66, such payment being stipulated to be without prejudice to the rights of Verbena Williams, as widow and beneficiary named in the said policy.

And said Verbena Williams, having presented to this court a petition praying that an order be granted adjudging and determining that the proceeds of the aforesaid life insurance policy belonged to said petitioner individually, and a citation having been issued thereon to said distributees and Robert E. Williams, Frederick T. Williams, S. Alan Williams, Robert E. Williams & Sons Co., Inc., and the Manufacturers and Traders Trust Company, creditors of said decedent. And the said Manufacturers and Traders Trust Company having contended that the accrued benefits arising out

of such disability claim which had become due and payable but had never been actually paid to the decedent, are a part of the assets of his estate and subject to the payment of debts and administration expenses.

The provisions as to permanent disability, waiver of premiums and payment of insurance are fully set forth under a special clause in said policy, and reference is made thereto for their complete provisions. The main paragraph of such provision for permanent disability which is applicable to the present proceeding is the following: " Any installments remaining unpaid at the death of the insured shall be paid to the beneficiary designated in the policy, provided, however, that such unpaid installments may, at the request of the beneficiary, be commuted at the rate of three and one-half percent per annum compound interest and paid in one sum."

I am, therefore, of the opinion that all such remaining unpaid installments of disability benefits are the sole property of Verbena Williams, beneficiary named in said policy, and that she is entitled to receive the entire amount of $3,506.66, the proceeds paid on said policy.

A decree may enter accordingly.